1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TOMMY LEE SCHMITZ,

11            Plaintiff,                    No. CIV S-05-1734 FCD PAN P

12        vs.

13   SUTTER COUNTY JAIL, et al.,

14            Defendants.          FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983. On

17   January 6, 2006, the court dismissed plaintiff's complaint for failure to state a claim and gave

18   plaintiff leave to file an amended complaint.  On March 10, 2006, plaintiff filed an amended

19   complaint.

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6  Cir. 1989); Franklin, 745 F.2d at 1227.

7          A complaint, or portion thereof, should only be dismissed for failure to state a

8  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

9  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

10  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

11  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

12  complaint under this standard, the court must accept as true the allegations of the complaint in

13  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

14  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

15  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16          Plaintiff alleges that while confined at the Sutter County Jail, he slipped and fell

17  in the bathroom after defendant Bocca instructed the cleaning crew to mop the floors.  He alleges

18  he sustained serious injuries.  It is unclear whether he was a pretrial detainee or a prisoner serving

19  a sentence at the time.

20          A pretrial detainee challenging the conditions of his confinement must allege

21  defendants subjected him to conditions imposed for the purpose of punishment instead of as "an

22  incident of some other legitimate governmental purpose."  Bell v. Wolfish, 441 U.S. 520, 535,

23  538 (1979).  A prisoner who has been convicted of and sentenced for a crime must allege

24  defendants denied him some basic human need, need such as food, clothing, shelter, medical care

25  or safety, knowing that plaintiff would face a substantial risk of serious harm, and then

26  disregarded that risk by failing to take (or cause to be taken) reasonable measures to avoid or

1    minimize that risk.  <u>See</u>  <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994);  <u>Wilson v. Seiter</u>, 501 U.S.

2    294, 302-03 (1991);  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

3                 Plaintiff's allegations are insufficient to state a claim under either standard.

4                 Accordingly, the court finds plaintiff fails to state a claim upon which relief could

5    be granted.

6                 For these reasons, IT IS HEREBY RECOMMENDED that action be dismissed

7    for plaintiff's failure to state a claim.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1128 (9th Cir. 2000)

8    (indigent prisoner proceeding without counsel must be given leave to file amended complaint

9    unless the court can rule out any possibility that the plaintiff could state a claim).

10                 These findings and recommendations are submitted to the United States District

11    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

12    after being served with these findings and recommendations, plaintiff may file written objections.

13    The document should be captioned "Objections to Magistrate Judge's Findings and

14    Recommendations."  Plaintiff is advised that failure to file objections within the specified time

15    may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

16    Cir. 1991).

17    DATED: March 30, 2006.

18

19                                               UNITED STATES MAGISTRATE JUDGE

20

21    \004

22    \schm1753.f&r dsms am comp

23

24

25

26